PROB 12
(02/05-D/CO)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U. S. A. vs. MATTHEW MARRE                   Docket Number: 11-CR-00475-REB-01

**Petition for Modification of Conditions of Probation**

      COMES NOW, Edgar T. Ruiz, probation officer of the court, presenting an official report upon the conduct and attitude of who was placed on supervision by the Honorable Robert E. Blackburn sitting in the court at Denver, Colorado, on the 10th day of August, 2012, who fixed the period of probation at five (5) years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

2. The defendant shall be placed on home detention for a period of nine (9) months, to commence within 21 days of sentencing.  During this period, the defendant shall remain at his place of residence at all times other than time spent at work or time spent on other activities approved in advance by the probation officer.  This period of home detention shall be enforced by electronic monitoring.  To permit this monitoring, the defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, or cordless telephones.  The defendant shall wear electronic monitoring devices and follow all other procedures specified by the probation officer. The defendant shall pay the cost of electronic monitoring as directed by the probation officer.

3. As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachments hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER a modification of the defendant's conditions of probation to include a special condition requiring that: 4) The defendant shall reside in an approved residential reentry center (RRC) for a period of up to 180 days, to commence at the direction of the Probation Office, and the defendant shall observe the rules of that facility.  The defendant may be discharged earlier than 180 days by the Probation Office, if the defendant is determined to be in full compliance with the conditions of probation.  The defendant shall pay 25% of his weekly gross income for his subsistence as long as that amount does not exceed the daily contract rate; and 5)  The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall pay the cost of treatment as directed by the probation officer.  The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

ORDER OF THE COURT

Considered and ordered this 21st day of August, 2013, and ordered filed and made a part of the record in the above case.

**s/ Robert E. Blackburn**

Robert E. Blackburn
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

*s/ Edgar T. Ruiz*

Edgar T. Ruiz
U.S. Probation Officer

Place: Denver, Colorado
Date:  August 20, 2013

# **ATTACHMENT**

On August 27, 2012, the conditions of supervised release were read and explained to the defendant. On that date, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them. The defendant's term of supervised release commenced on August 10, 2012.

The reasons for the proposed modifications are as follows:

On July 10, 2013, the Court was notified of the following: On April 11, 2013, the defendant was cited by troopers from the Colorado State Patrol for Speeding 25-39 Over Limit and Driving Under Restraint. He was subsequently charged with these offenses in Weld County Combined Court, Case Number 2013T2051. On May 24, 2013, the defendant was cited by officers of the Larimer County Sheriff's Department for Vehicular Eluding, No Insurance-Driver, Driver's License-Driving Outside Class. He was subsequently charged with these offenses in Larimer County Combined Court, Case Number 2013CR791. No Court action was recommended at this time.

On August 5, 2013, the defendant reported to my office for a scheduled office visit. He reported that he was arrested by officers of the Denver Police Department for No Driver's Licence, No Insurance, Reckless Driving, and Evading. He was subsequently charged with these offenses in Denver County Court, Case Number 13M07279. I verbally admonished the defendant for these alleged offenses and warned of possible consequences should his noncompliance continue. The defendant told me that he is an "adrenaline junky," and has suffered from Attention Deficit Disorder (ADD) since he was a child. I told him that I planned to seek modifications of his probation to include up to 180 days at a residential reentry center (RRC) and that he participate in mental health treatment based on his increased risk to the community. The defendant stated he was agreeable to these modifications.

On August 9, 2013, the defendant executed a form entitled "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision," which waives the right to a hearing and agrees to the proposed modifications of the conditions of probation. Assistant U.S. Attorney Jeremy Sibert has been notified and has no objections to the proposed modification.