IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 11-CR-00475-REB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MATTHEW MARRE,

       Defendant.

_____

**JOINT SENTENCING STATEMENT**
_____

TO THE HONORABLE JUDGE OF SAID COURT:

       COMES NOW the Defendant, Matthew Marre, by and through his attorney of record, Matthew K. Belcher, Assistant Federal Public Defender, and hereby submits the following Joint Sentencing Statement in advance of the Final Revocation Hearing set for August 30, 2016, at 1:30 p.m., and would show as follows:

    **I.**    **Procedural History:**

       On August 10, 2012, this Court sentenced Mr. Marre to a five year term of probation subsequent to a conviction for Stealing Public Property pursuant to 18 U.S.C. § 641. On a whole, Mr. Marre has done a reasonable job of complying with the Court's terms of probation. At the beginning, Mr. Marre was cited for vehicle type offenses and sent back to the halfway house by this Court. Now in the fourth year of probation, Mr. Marre informed his supervising officer that, for the past 10 months, he had lied as to where he was employed. Mr. Marre had actually been employed during those months, and Mr. Marre had made restitution payments

1

during this timeframe, but he had lied as to where he was employed. Mr. Marre's motivation for being dishonest with Probation was apparently a fear that if Probation contacted his employer, he would lose his job as he had in the past. Mr. Marre was subsequently discharged from his employment, not because he was on felony probation, but because he had been dishonest with his employer as to his status as a felon.

In response to these revelations, on July 28, 2016, Probation filed a Petition to Revoke with this Court and, in turn, this Court issued a warrant for Mr. Marre's arrest. Mr. Marre was arrested that very same day and spent the next six days in custody before being released to a halfway house by Magistrate Judge Mix. In the Petition to Revoke, Probation has alleged the following violations: (1) Violation of Law; (2) Falsifying Written Reports; and (3) Making False Statements to Probation.

**II.    Revocation Hearing:**

On August 30, 2016, this Court will hold a Final Revocation Hearing to determine whether or not there is sufficient evidence to support the alleged violations contained in the Petition to Revoke. At this hearing, it is Mr. Marre's intent to admit to Violation #2 (falsifying written reports) and Violation #3 (making false statements to the probation officer), both of which are violations of Standard Condition #3 entered by this Court as a condition of probation on August 13, 2012. In exchange for these admissions, the Government has indicated that it will dismiss Violation #1 (Violation of Law).

### III.    Sentencing Hearing:

*Advice of the Guidelines:*

If the Court accepts Mr. Marre's admissions, and further accepts the Government's request to dismiss Violation #1, then the Court will next be tasked with determining the appropriate sentence to impose based on the admitted violations.  As Violations #2 and #3 are both Grade C violations, the Court has the discretion to (A) revoke probation; (B) extend the term of probation; or (C) modify the conditions of probation.  *U.S.S.G. § 7B1.3(a)(2).*  If the Court chooses to revoke Mr. Marre's term of probation, while any sentence within the statutory range of punishment is available, the Guidelines would recommend a term of imprisonment between 3 and 9 months.  *U.S.S.G. § 7B1.4(a)*

*Joint Sentencing Position of the Parties:*

Undersigned counsel and Assistant United States Attorney Jeremy Sibert have met and discussed the merits of Mr. Marre's case.  After a review of Mr. Marre's criminal history, which is very limited, and after a careful review of Mr. Marre's four years of probation he has already successfully completed, it is the joint recommendation of the parties that this Court continue the sentencing portion of the revocation hearing for a period of 90 days to allow Mr. Marre the opportunity to regain suitable employment, begin making restitution payments again, and show to the Court that he is willing to be fully open and honest with his supervising officer, as is necessary for effective supervision.

If the Court should agree with this joint recommendation, the parties would further request that the Court modify the conditions of the bond that Mr. Marre will continue to serve under for the next 90 days.  Currently, that bond requires Mr. Marre to reside at a halfway house.

The parties would request that the Court modify this condition to allow Mr. Marre to leave the halfway house if Mr. Marre is able to find a suitable residence during this 90 day continuance.

## IV.   Argument in Support of the Parties' Joint Recommendation:

In 2011, Mr. Marre appeared before this Court after being charged with stealing property from the United States Army National Guard in Watkins, Colorado.  Mr. Marre admitted to this and was subsequently sentenced to five years' probation.  At the time of sentencing, Mr. Marre had zero criminal history points.  His only prior encounter with law enforcement as an adult was a deferred sentence he received for Contributing to the Delinquency of a Minor, which involved Mr. Marre (age 19) and a friend (age 17) shooting targets on land they believed was public, but in fact was private property.  Mr. Marre completed that deferred sentence successfully and, ultimately, his guilty plea was withdrawn and the case was dismissed.

From August 10, 2012, to the present, Mr. Marre has been under federal supervision. While there were a few bumps in the road in the beginning, these traffic ticket issues seem to have mostly been resolved in 2013 after Mr. Marre was required to serve a stint in the halfway house, which he did successfully.  Subsequent to this halfway house placement, Mr. Marre secured suitable residence with a friend named Ryan Medhurst.  Mr. Medhurst was aware of Mr. Marre's status as a felon on probation, but accepted him into his home nevertheless.  And, for the next two years, with Probation's approval, Mr. Marre resided with Mr. Medhurst, and Mr. Medhurst's immediate family in the area became Mr. Marre's adopted family.

Mr. Marre first met with Mr. Medhurst while volunteering his time with a registered 501(c)(3) non-profit incorporated in the State of Colorado under the name of Northern Colorado Emergency Service Support (NOCO ESS).[1]  Mr. Medhurst volunteers for NOCO ESS in his spare time when he is not working at his fulltime job as a Professional Computer System Administrator with Colorado State University, where he has been for the past twelve years.  Mr. Medhurst has a B.S. in Telecommunications, has no criminal history (absent two traffic tickets), and has owned his home in Fort Collins for the past 9 years.  Mr. Medhurst submitted a support letter to Judge Mix, which has been attached to this motion for the Court's review.

In addition to Mr. Medhurst, Mr. Marre has encountered several other positive role models through his association with NOCO ESS.  Mr. Marre has also become close friends with Bryan Flansburg.  Mr. Flansburg is an Army Veteran who served for 28 years at the University of Colorado in Boulder as their Transportation Director.  Mr. Flansburg is aware of Mr. Marre's status as a felon on probation, but has nevertheless taken upon himself the task of helping Mr. Marre though this difficult period of time.  Mr. Flansburg has also submitted a letter of support, which is attached to this motion for the Court's review.  Mr. Flansburg also plans to attend the hearing on August 30, 2016, to not only show his support, but also to be available should the Court have any questions for him concerning Mr. Marre or the non-profit organization, the latter of which he believes has been unfairly slandered by the probation officer in this case.

---

[1] http://www.nocosar.org/

And, to the extent that the Court is willing to consider probation's allegations that Mr. Marre's involvement with this non-profit, and its members, presents a danger to the community, the parties wish to make it clear that neither the Government nor undersigned counsel have found any evidence to support the allegations made by Probation at either the detention hearing or in the Violation Report.  To the contrary, after an independent investigation, the parties would submit that the evidence is quite to the contrary.  These individuals appear to be upstanding members of the community, some are decorated veterans, and all are professionals who donate what little free time they have to assist others in the time of need.  These are exactly the type of individuals we should hope all of the Court's supervisees are associating with.

In short, Mr. Marre has made progress over the last four years of his supervision.  He found a stable and suitable residence, good role models, and the familial support he has lacked in the past through not only his friends but Mr. Medhurst's immediate family as well.  Mr. Marre still has room for improvement though.  Mr. Marre should never have lied to probation or his employer about his current employment.  Ironically, looking back on it now, had he been honest with both probation and his employer, Mr. Marre would still be employed and would not be facing a revocation of his probation -- the exact fate he was seeking to avoid by deceiving them both.  Mr. Marre understands this and intends to rectify this by obtaining new employment and finishing out the last year of his probation and commitment to this Court.

**V.     Conclusion:**

Mr. Marre, undersigned counsel, and counsel for the Government, would request that the Court: (1) accept Mr. Marre's admission to Violations #2 and #3; (2) accept the Government's request to dismiss Violation #1; (3) continue Mr. Marre's sentencing hearing for a period of 90 days; and (4) modify the conditions of Mr. Marre's current bond to allow Mr. Marre to leave the halfway house if he is able to secure a suitable residence during the 90 day continuance.  At this juncture, the parties do not believe that a sentence of imprisonment is necessary and that such a sentence would be contrary to the 3553(a)(2) factors that the Court must consider at sentencing.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Matthew K. Belcher
MATTHEW K. BELCHER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
matthew.belcher@fd.org
Attorney for Defendant

**CERTIFICATE OF CONFERENCE**

I hereby certify that on August 26, 2016, undersigned counsel conferred with Assistant United States Attorney Jeremy Sibert, and Mr. Sibert, after a review of the foregoing motion, indicated that the Government is in agreement with the statements, representations, and recommendations made within.

s/Matthew K. Belcher
MATTHEW K. BELCHER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
matthew.belcher@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Jeremy Sibert, Assistant United States Attorney
jeremy.sibert@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Matthew Marre, Defendant
(via e-mail)

s/Matthew K. Belcher
MATTHEW K. BELCHER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
matthew.belcher@fd.org
Attorney for Defendant