IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 11-CR-00475-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MATTHEW MARRE,

        Defendant.

_____

**UNOPPOSED MOTION TO DISMISS PETITION FOR ACTION
ON CONDITIONS OF PRETRIAL RELEASE [Doc. #54]**
_____

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW the Defendant, Matthew Marre, by and through his attorney of record, Matthew K. Belcher, Assistant Federal Public Defender, and hereby requests that the Court dismiss the pending Petition for Action on Conditions of Pretrial Release [Doc. #54] for failure to state an alleged violation of an actual term or condition of pretrial release.  In support thereof, Mr. Marre would show as follows:

    **I.**      **Procedural History:**

      On July 27, 2016, a Petition for Warrant of Offender Under Supervision was filed by Probation alleging various violations of probation, all of which pertain to Mr. Marre being less than forthcoming as to where he was actually working.  At the subsequent Preliminary and Detention Hearing, Mr. Marre was released on bond under the same conditions he was under during his term of probation, plus two additional conditions: (1) Mr. Marre was required to sign a

1

$10,000 unsecured appearance bond; and (2) Mr. Marre was required to "maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary."[1]

On August 30, 2016, a Final Revocation Hearing was held in front of Judge Blackburn. After admitting to violations 2 and 3, the Government orally requested that the Court dismiss violation number 1. Subsequently, at the request of the parties, the Court continued the sentencing hearing for 90 days and modified Mr. Marre's halfway house condition to read as follows, "the terms of supervision are modified to include a special condition requiring that the defendant continue his placement at a residential reentry center (RRC) until such a time that the defendant secures a residence that is approved in advance by the Probation Officer."[2]

On September 20, 2016, Probation filed a "Petition for Action on Conditions of Pretrial Release" which, in short, is an attempt to retract the modification order entered by Judge Blackburn on September 1, 2016, ECF Document 53, based on allegations that Mr. Marre has violated the terms or conditions of his pretrial release. The alleged violations are four write-ups Mr. Marre received for violations of the halfway house rules. These rules, however, are not incorporated into the Court's Order Setting Conditions of Release.

## II.     **Argument:**

Pursuant to 18 U.S.C. § 3148(b), an attorney for the Government may file a motion with the district court initiating the procedure to revoke the defendant's pretrial release, enter a detention order, or prosecute for contempt. The Government has not done so in this case. To the

---

[1] Order Setting Conditions of Release, ECF Document 45.
[2] Order Modifying Terms and Conditions of Supervision and Continuing Sentencing, ECF Document 53.

contrary, after being contacted by Probation Officer Edgar Ruiz, and after being informed of the alleged violations and Probation's desire to modify the conditions of Mr. Marre's pretrial release, Mr. Sibert indicated that the Government disagreed with both Probation's belief that a violation occurred and with Probation's desire to modify the terms and conditions of pretrial release.

Undeterred, Probation has attempted to circumvent 18 U.S.C. § 3148(b) by requesting that Judge Mix conduct a "Bond Modification Hearing" where they request that Judge Mix modify a special condition of pretrial release recently entered by Judge Blackburn over Probation's objection.  Furthermore, the basis for this request is not an alleged violation of pretrial release, but instead an alleged violation of the rules of the halfway house that: (1) are not incorporated by reference into this Court's Order Setting Conditions of Release, and (2) did not result in Mr. Marre being terminated from the halfway house, but instead resulted in him having to do additional chores.

Granted, Probation's Petition does attempt to allege violations of a condition of pretrial release, but does so by adding language to the pretrial release condition that does not exist in this Court's Order.  On page one of the Petition, Probation asserts that the alleged violation is a "failure to maintain residence/comply with the rules of residential reentry center."  The problem with Probation's Petition, however, is that the language "comply with the rules of the residential reentry center" does not appear in either the original Order Setting Conditions of Release, ECF Document 45, or in the Order Modifying Terms and Conditions of Supervision, ECF Document 53.  In short, the alleged violation in Probation's Petition is only a violation of the strawman language included by Probation in their Petition, and not a violation of the actual terms and conditions of pretrial release as set forth by the Court.

Furthermore, as to the actual terms and conditions of pretrial release, it is puzzling as to why, almost three weeks after finding a suitable residence AND suitable employment, that Mr. Marre is still in the halfway house in the first place.  As indicated by Probation, as of September 9th, a suitable residence has been secured by Mr. Marre.  Despite this, Mr. Marre is still residing in the halfway house, in clear contravention of the modified condition of release entered by this Court on September 1, 2016.  The hold up, Probation states, is the need to create and then approve a budget.  While a budget might be a helpful tool for Mr. Marre, it being a condition of his release from the Residential Reentry Center is nowhere to be found in any of the conditions of pretrial release entered by this Court.

In fact, the only mention of a monthly budget appears in Probation's Violation Report where they have asked the Court to impose new conditions of supervised release subsequent to any revocation, imprisonment, and reimposition of supervision.  The Court, however, made it clear at the hearing on August 30, 2016, that those are not current conditions and the determination of whether to include those additional conditions in any subsequent supervision of Mr. Marre would be determined at the time of sentencing, not before.  Such proposed conditions, regardless of whether the Court eventually incorporates them at the time of sentencing, should not be used as tools to circumvent this Court's order that, upon Mr. Marre finding a suitable residence, he should be released from RRC custody.

### III.   <u>Conclusion:</u>

Probation's Petition for Action on Conditions of Pretrial Release should be denied for failure to state any alleged violation of an actual term or condition of pretrial release. Probation's Petition is nothing more than an informal fallacy which creates a strawman condition of pretrial release, then argues that the Court should modify Mr. Marre's conditions of release based on an alleged violation of this nonexistent condition of release.  Neither the Government nor undersigned counsel have been provided with any documentation by Probation that shows that Mr. Marre has violated an actual term or condition of pretrial release.  For this reason, when requested to do so, the Government declined to petition the Court pursuant to their authority under 18 U.S.C. § 3148(b).

Additionally, Probation's attempt to modify the condition of release that was recently imposed by Judge Blackburn, over their objection, becomes suspicious when viewed with their reluctance to follow the very condition they are trying to modify through this petition.  Despite having quickly found both a suitable job and suitable residence, Probation has refused to allow Mr. Marre to leave the RRC based on the failure to abide by yet another condition of release that is non-existent.  Probation argues that Mr. Marre has yet to file an approved budget, but no such condition precedent actually exists in any Court order.  Such a condition only appears in Probation's Violation Report as a suggestion for the Court at the time of sentencing.  None of these proposed conditions, however, are included in Mr. Marre's current conditions of pretrial release.  As such, these proposed conditions should not be allowed to be used as an impediment to an actual condition of Mr. Marre's pretrial release.

Accordingly, Mr. Marre would request that the Court (1) deny Probation's Petition for Action as it does not allege any violation of an actual condition or term of pretrial release; (2) vacate the "Bond Modification Hearing" currently scheduled for September 27, 2016, at 10:00 a.m. in front of Judge Mix; and (3) order Probation to show cause as to why they have not complied with the modified condition of pretrial release entered by this Court on September 1, 2016, by not allowing Mr. Marre to reside outside the halfway house upon the attainment of a suitable residence.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Matthew K. Belcher
MATTHEW K. BELCHER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
matthew.belcher@fd.org
Attorney for Defendant

6

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jeremy Sibert, Assistant United States Attorney
Email: jeremy.sibert@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Matthew Marre, Defendant
(via mail)

s/Matthew K. Belcher
MATTHEW K. BELCHER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
matthew.belcher@fd.org
Attorney for Defendant